Jason Eugene JURY, Appellant

v.

The STATE of Texas, State

NO. 02–14–00151–CR

Court of Appeals of Texas,
Fort Worth.

DELIVERED: August 25, 2015

Andrew Ottaway, Ottaway Law Office Granbury, Texas, for Appellant.

Jason Eugene Jury, Bonham, Texas, Pro Se.

Robert T. Christian, Hood County District Attorney Granbury, Texas, for State.

PANEL: GARDNER, GABRIEL, and SUDDERTH, JJ.

## MEMORANDUM OPINION [1]

ANNE GARDNER, JUSTICE

A jury convicted Appellant Jason Eugene Jury of assault family violence with a prior conviction for assault family violence and assessed his punishment at imprisonment for eight years in the penitentiary. Tex. Pen. Code Ann. § 22.01(b)(2)(A), (f)(1) (West Supp.2014).

Appellant's court-appointed appellate counsel has filed a motion to withdraw and a brief in support of that motion. Counsel avers that in his professional opinion, this appeal is frivolous. Counsel's brief and motion meet the requirements of *Anders v. California* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief. *See* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Appointed counsel informed Appellant of his right to file a pro

se brief or response and indicated he sent Appellant a copy of the clerk's record and reporter's record. Appellant filed a pro se motion to extend time to file his pro se brief or response in which he acknowledged receipt of the appellate record. This court granted Appellant's pro se motion and extended the time to file his pro se brief or response to December 10, 2014. Appellant never filed a pro se brief or response or any additional motion to extend time to file a pro se brief or response. The State did not file a response. On August 3, 2015, this court notified the parties that the case was being submitted on August 24, 2015. As of the date of this opinion, Appellant has not filed a pro se brief or response or any additional motion to extend time to file a pro se brief or response.

Once an appellant's court-appointed attorney files a motion to withdraw on the ground that the appeal is frivolous and fulfills the requirements of *Anders*, this court is obligated to undertake an independent examination of the record. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim.App.1991); *Mays v. State*, 904 S.W.2d 920, 922–23 (Tex.App.—Fort Worth 1995, no pet.). Only then may we grant counsel's motion to withdraw. *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S.Ct. 346, 351, 102 L.Ed.2d 300 (1988).

We have carefully reviewed the record and counsel's brief. We agree with counsel that this appeal is wholly frivolous and without merit; we find nothing in the record that might arguably support the appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex.Crim.App.2005); *see also Meza v. State*, 206 S.W.3d 684, 685 n. 6 (Tex.Crim.App.2006). Accordingly, we

1. *See* Tex. R. App. P. 47.4.

grant counsel's motion to withdraw and affirm the trial court's judgment.